## Lewis Robertson v. A. A. Brightman.

**Sales—Ascertaining and Setting Apart.**

Where an owner of land sold one hundred trees thereon of two feet and more in diameter at the stump, the contract is not complete and enforcible until the trees have been measured, their dimensions ascertained, and the trees set apart.

### APPEAL FROM UNION CIRCUIT COURT.

#### February 27, 1874.

Opinion by Judge Pryor:

The distinction attempted to be made by counsel for appellee in illustrating his views of the legal question presented, is not well taken. If A buys all of B's hogs weighing over 200 pounds in a lot of 250, there is as much necessity for making the reduction as if he had agreed to take 100 of the hogs exceeding 200 pounds out

of the whole number. How many of the hogs will A take out of the lot if the weight is not ascertained? No response can be made until the hogs are weighed, so that it may be known how many A is entitled to have under his contract, and if the hogs should all die before they are thus identified, the loss is with the one agreeing to sell, and not with the one agreeing to purchase.

In this case Woodson sold to the appellee 100 white oak trees standing on a tract of 115 acres of land, the trees to measure not less than two feet and upwards in diameter across the stump. No particular tree or trees are sold, but only 100 of such trees on the land as would measure two feet and upwards. It is conceded by counsel that if there were more white oak trees on the land of the dimensions of those mentioned in the contract, that the trees must first be identified. How are you to ascertain whether the number is less or exceeds 100? Only by measurement, and when this is done the title vests in the purchaser. Suppose there is less than 100 such trees, no action could ever be maintained by the vendor for the reason that he is not in a condition to comply with his contract. The agreement to sell is binding, and an action may be maintained upon it by the vendor upon his averring a readiness and an ability to perform the contract, and a refusal by the vendee. If the title passed by this sale, the vendee could maintain an action against the vendor for the recovery of the trees under this contract. Before any measurement, what particular trees would he recover? Would not the officer in making the delivery have to measure the size of the timber, or could he exercise his judgment only, and deliver such trees as in his opinion would fulfill the terms of the agreement? This identical question has been heretofore settled. See Benjamin on Sales, 224; Hillardson on Sales, 43.

There can be no question but that if these trees had been destroyed before delivery the loss would have been Woodson's, and not the appellee's. The court should have instructed the jury to find for the defendant. Neither the allegation of the petition or proof makes out a cause of action. Judgment reversed and cause remanded with directions to award a new trial and for further proceedings consistent herewith.

*James, for appellant.*

*D. H. Hughes, for appellee.*